UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Larry Rex and Jessy Rex,

                Plaintiffs,

v.

Universal Acceptance Corporation; and
J.C. Christensen and Associates, Inc.,

                Defendants.

**COMPLAINT**

**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for damages against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Invasion of Privacy, and Breach of Peace.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and pendent jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff Larry Rex (hereinafter "L.R.") is a natural person who resides in the city of Coon Rapids, County of Anoka, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 15 U.S.C. § 1692a(3).

4. Plaintiff Jessy Rex (hereinafter "J.R.") is a natural person who resides in the city of Grantsburg, County of Burnett, State of Wisconsin. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 15 U.S.C. § 1692a(3).

5. Defendant J.C. Christensen and Associates, Inc. (hereinafter "J.C.C.") is a domestic corporation incorporated under the laws of the state of Minnesota and regularly engages in debt collection with a principal place of business at 200 14th Avenue East, Sartell, MN, 56377. Defendant is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6. Defendant Universal Acceptance Corporation (hereinafter "UAC") is a domestic corporation incorporated under the laws of the state of Minnesota with a principal place of business at 7401 Bush Lake Road, Edina, MN, 55439.

## FACTUAL ALLEGATIONS

7. On November 18, 2006 Plaintiff J.R. purchased a vehicle from Car Hop and incurred a "consumer debt," as that term is defined at 15 U.S.C. § 1692a(5), with Defendant UAC, who financed the purchase in the amount of $6,704.18.

8. Immediately after purchasing the vehicle, Plaintiff J.R. realized there were a number of things wrong with the vehicle, and brought it back to Car Hop on or about November 20, 2006.

9. Car Hop made some repairs to the vehicle, but soon after it began to have more problems, requiring Plaintiff J.R. to make expensive repairs to keep the vehicle in working condition.

10. The constant repairs negatively impacted Plaintiff J.R.'s ability to get to and from work and made it difficult for Plaintiff to keep up with her payments.

11. At some point, Plaintiff J.R. began to fall behind on her payments and called Defendant UAC to set up a payment plan to bring her account current.

12. Several times, Plaintiff J.R. fulfilled the terms of her agreement with Defendant UAC to bring her account current, only to have UAC change the terms or increase the amount of the payment.

13. During at least one conversation, Defendant UAC.'s agent Helen Flowers told Plaintiff J.R. she was "worthless scum" and a "stupid b****" in an attempt to collect payments from Plaintiff.

14. During one attempt to reach Plaintiff J.R., Defendant's UAC's agent Helen Flowers spoke to her boyfriend's children, swore at them, and called them liars.

15. On or about April 16, 2008 Defendant UAC charged off Plaintiff's account and turned it over to Defendant J.C.C. for collection in May 2008.

16. In May 2008, Defendant J.C.C.'s agent began to conduct collection efforts.

17. In May 2008, Defendant J.C.C. contacted Plaintiff J.R.'s father, Plaintiff L.R, regarding the alleged debt. Plaintiff L.R. told Defendant never to call him again.

18. In or about May or June 2008, Defendant J.C.C.'s agent telephoned Plaintiff J.R.'s former classmate, Chad, and left him a deceitful and disturbing message on his voicemail answering machine regarding Plaintiff J.R.

19. In that message, Defendant's agent stated that Plaintiff J.R. had died, that she had named him and her parents as beneficiaries on her life insurance policy, and

requested a return phone call, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f.

20. Plaintiff J.R.'s friend Chad immediately called Plaintiff's father, Plaintiff L.R., asked what had happened, offered his condolences, and told Plaintiff L.R. about the message he had received.

21. Plaintiff L.R., who is disabled and suffers from a heart condition, was extremely shocked and alarmed after speaking to his daughter's friend, Chad, and immediately asked his other daughter to call Plaintiff J.R. to see if she was in fact deceased.

22. Plaintiff L.R.'s daughter was unable to immediately reach Plaintiff J.R., however, and Plaintiff L.R. was forced to take nitroglycerin as prescribed by his doctor to calm his chest pains and racing heartbeat that had resulted from the disturbing phone call and message left by Defendant J.C.C.'s agent.

23. In June 2008 Plaintiff J.R. sent a letter to the Minnesota Attorney General's office that detailed the problems she was experiencing with Defendants, including the disturbing message left in May 2008.

24. On July 24, 2008 Defendant UAC's agent illegally entered Plaintiff J.R.'s garage without permission in an attempt to repossess Plaintiff's vehicle.

25. Defendant UAC regularly accepted late and partial payments from Plaintiff J.R. throughout the life of the loan, but did not send Plaintiff a written notice warning that no additional late payments would be accepted and providing Plaintiff with a date by which to cure the delinquent payments prior to the repossession attempt on

4

July 24, 2008. This notice is referred to as a *Cobb* notice as established by *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn. 1980) and *Steichen v. First Bank Grand*, 372 N.W.2d 768 (Minn.App.1985).

26. Defendants' actions in pursuit of the alleged debt owed to Defendant UAC invaded Plaintiffs' privacy, and caused both Plaintiffs to suffer actual damages and extreme emotional distress.

26. As a result of the above violations of the FDCPA, Defendant J.C. Christensen is liable to Plaintiffs for actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

27. Plaintiffs are entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 ET SEQ.
DEFENDANT J.C.C.**

28. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully stated herein.

29. The foregoing acts and omissions of Defendant J.C.C. constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

5

30. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered and are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

### INVASION OF PRIVACY
### DEFENDANTS UAC & J.C.C.

31. Plaintiffs incorporate by reference all foregoing paragraphs as though fully stated herein.

32. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiffs when they placed harassing and abusive collection calls to Plaintiff' J.R.'s friends, family, and her home in an attempt to collect a debt.

33. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and/or private concerns or affairs.

34. The intrusions by Defendants occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiffs' position.

35. As a result of Defendants' conduct, Plaintiffs suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## COUNT III.

## BREACH OF PEACE
## DEFENDANT UAC

36. Plaintiffs incorporate by reference all foregoing paragraphs as though fully stated herein.

37. The self-help repossession by Defendant UAC breached the peace when:

- Defendant's agents trespassed and entered Plaintiff J.R.'s closed garage; and

- Defendant UAC failed to comply with Minnesota common law and send a *Cobb* and/or *Steichen* notice prior to the repossession despite accepting late and partial payments.

38. Defendant IS liable for damages to the Plaintiff J.R. for actual damages for emotional distress and statutory damages provided by Minn. Stat. § 336.9-507.

## **PRAYER FOR RELIEF**

   **WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:
- That judgment be entered in favor of both Plaintiffs against Defendant J.C.C. for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered in favor of both Plaintiffs against Defendant J.C.C. for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) & (B);
- That the Court award costs and reasonable attorney's fees in favor of both Plaintiffs against Defendant J.C.C., pursuant to 15 U.S.C. § 1692k(a)(3);
- That a judgment be entered in favor of both Plaintiffs against Defendant J.C.C. for actual and compensatory damages for Invasion of Privacy in an amount to be determined at trial;
- That judgment be entered in favor of Plaintiff Jessy Rex against Defendant UAC for actual damages and statutory damages provided by Minn. Stat. § 336.9-507 for Breach of Peace in an amount to be determined at trial; and
- That the Court grant such other and further relief as may be just and proper.

Dated this 19th day of January, 2009        By: /s/ Thomas J. Lyons, Jr.

                                                     **CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
MN Bar No.: 249646
Trista M. Roy, Esq.
MN Bar No.: 0387737
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF   ANOKA            )

I, Jessy Rex, having first been duly sworn and upon oath, deposes and says as follows:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Jessy Rex
Jessy Rex

Subscribed and sworn to before me
this 21st day of December, 2008.


/s/ Alyssa Marie Santama
Notary Public

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA       )
                         ) ss
COUNTY OF   ANOKA        )

     I, Larry Rex, having first been duly sworn and upon oath, deposes and says as follows:

6. I am one of the Plaintiffs in this civil proceeding.
7. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
8. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
9. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
10. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                               /s/ Larry Rex
                                               Larry Rex

Subscribed and sworn to before me
this 21st day of December, 2008.


/s/ Alyssa Marie Santama
Notary Public